NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

RUBEN TELSFOR ARCHULETA, *Appellant.*

No. 1 CA-CR 13-0192
FILED 03/04/2014

---

Appeal from the Superior Court in Maricopa County
No.  CR2012-107503-001
The Honorable Dawn M. Bergin, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz

*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato

*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Kenton D. Jones joined.

**N O R R I S,** Judge:

¶1        Ruben Telsfor Archuleta timely appeals from his convictions and sentences for possession or use of dangerous drugs, a class 4 felony, Ariz. Rev. Stat. ("A.R.S.") § 13-3407 (Supp. 2013), and possession of drug paraphernalia, a class 6 felony, A.R.S. § 13-3415 (2010).   After searching the record on appeal and finding no arguable question of law that was not frivolous, Archuleta's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error.   This court granted counsel's motion to allow Archuleta to file a supplemental brief *in propria persona*, but he did not do so.   After reviewing the entire record, we find no fundamental error and therefore affirm Archuleta's convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND[1]

¶2        On February 4, 2012, Officer P. saw Archuleta walking along a street with an open beer bottle.   When Officer P. pulled alongside Archuleta, Archuleta put the bottle in his pants pocket.   Officer P. stopped his patrol car and approached Archuleta on foot, and Archuleta pulled the bottle out of his pocket and placed it on the street.   At that point, Officer P. saw a plastic bag containing a white substance he believed to be methamphetamine protruding between Archuleta's fingers.   Officer P. asked Archuleta "how much drugs did he have on him," and Archuleta responded that he only had "about a gram or less of meth."   Archuleta tried to run away, but police eventually apprehended and arrested him.

¶3        A jury convicted Archuleta of possession or use of dangerous drugs and possession of drug paraphernalia.   At sentencing,

---

[1]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Archuleta. *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

Archuleta admitted to two prior felony convictions after the superior court advised him of the rights he was waiving and the consequences of his admission of the prior felony convictions. *See* Ariz. R. Crim. P. 17.6, 17.2. The superior court sentenced Archuleta to seven years imprisonment on the possession or use of dangerous drugs conviction and three years imprisonment on the possession of drug paraphernalia conviction and ordered the sentences to run concurrently. Archuleta received 64 days presentence incarceration credit.

## DISCUSSION

**¶4** We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. Archuleta received a fair trial. Archuleta was voluntarily absent from trial and therefore waived his presence under Arizona Rule of Criminal Procedure 9.1. He was, however, represented by counsel at all stages of the proceedings.

**¶5** The evidence presented at trial was substantial and supports the verdicts. The jury was properly comprised of eight members and the court properly instructed the jury on the elements of the charges, Archuleta's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Archuleta was given an opportunity to speak at sentencing, and his sentences were within the range of acceptable sentences for his offenses.

## CONCLUSION

**¶6** We decline to order briefing and affirm Archuleta's convictions and sentences.

**¶7** After the filing of this decision, defense counsel's obligations pertaining to Archuleta's representation in this appeal have ended. Defense counsel need do no more than inform Archuleta of the outcome of this appeal and his future options unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

¶8  Archuleta has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. On the court's own motion, we also grant Archuleta 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



**Ruth A. Willingham · Clerk of the Court**
F I L E D : gsh